# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES AND VIRGINIA HEATH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL NO. 13-329-GPM |
| ) | |
| BECHTEL CORP., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion to remand filed by Plaintiffs Charles Heath and Virginia Heath (Doc. 6). As further explained below, Plaintiffs' motion to remand (Doc. 6) is granted because removal was untimely.

## BACKGROUND

Plaintiffs Charles and Virginia Heath originally filed this asbestos personal injury action in the Circuit Court of the Third Judicial Circuit in Madison County, Illinois on July 27, 2012 (Doc. 3-1). Plaintiffs alleged state law causes of action against numerous Defendants based on Mr. Heath's purported exposure to asbestos-containing products (Doc. 3-1). Defendant, United Technologies Corporation ("UTC"), was served with the complaint on September 6, 2012 (Doc. 3-1). Plaintiffs then filed an amended complaint on December 27, 2012 in Madison County Court (Doc. 6-2).

After UTC was served with the original complaint, and again after UTC was served with the amended complaint, thirty days came and passed, but UTC did not remove the case to federal

court. UTC contends that it could not ascertain from the allegations in the original complaint or the amended complaint that the case was removable under the federal officer removal statute (Docs. 3, 8). It wasn't until UTC received Plaintiffs' responses to the standard interrogatories on March 19, 2013 that it learned Mr. Heath's claims against UTC involved military equipment supplied to the United States Marine Corp, and the case was thus removable under the federal officer removal statute (Docs. 3, 8). UTC filed its notice of removal pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a), on April 3, 2013 in this Court (Doc. 3). On April 18, 2013, Plaintiffs filed their motion to remand arguing that UTC had not satisfied the requirements for removal under § 1442(a)(1) and that removal was untimely (Doc. 6).

## **DISCUSSION**

UTC has removed this matter pursuant to the federal officer removal statute, 28 U.S.C. § 1442. As the proponent of jurisdiction here, UTC bears the burden of showing that removal was timely and that it meets all the criteria for federal officer jurisdiction. *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012) (internal citations omitted). In general, there are four requirements to properly remove a case pursuant to federal officer jurisdiction. A party seeking to avail itself of federal officer jurisdiction "must show it was a (1) person (2) acting under the United States, its agencies, or its officers (3) that has been sued for or relating to any act under color of such office, and (4) has a colorable federal defense to the plaintiff's claim." *Id.* at 1180–81, *citing* 28 U.S.C. § 1442(a).

While §1442 governs the substantive requirements for federal officer removal, the timeliness of removal is dictated by § 1446. Under § 1446(b)(1), when a case is removable based on the initial pleading, the notice of removal must be filed within thirty days after the receipt by the

defendant of the initial pleading. 28 U.S.C. § 1446(b)(1). However, if the case stated by the initial pleading is not removable, then a notice of removal must be filed within 30 days after the date when the case became removable or the possibility of removal was ascertained. 28 U.S.C. § 1446(b)(3).

The question presented here is whether UTC could ascertain that the case was removable under the federal officer removal statute at the time it was served with the original complaint or the amended complaint. It does not appear that UTC is contesting that the first element of § 1442(a)—whether UTC was a person within the meaning of the statute—was ascertainable at the time it was served with the original and amended complaints. In fact, this element is indisputable because the Seventh Circuit has held that a corporation, such as UTC, is a "person" and can avail itself of federal officer jurisdiction. *Ruppel*, 701 F.3d at 1181.

It is the second, third, and fourth elements of § 1442(a) that UTC claims it could not ascertain from the original or amended complaint. Specifically, UTC contends that it could not ascertain from the amended complaint where Mr. Heath came into contact with UTC products, or whether his claims were based on military or non-military products (Doc. 8). UTC further contends that it was not apparent the case was removable until it received Plaintiffs' interrogatory responses, which indicated for the first time that Mr. Heath was exposed to asbestos from aircraft engines manufactured and supplied by UTC when he served as a hydraulic/pneumatic mechanic in the U.S. Marine Corps (Docs. 3, 8).

The Court finds that Plaintiffs did in fact allege in their amended complaint that Mr. Heath was exposed to asbestos materials supplied by UTC during his service in the Marine Corps. The amended complaint alleges, in pertinent part, that Mr. Heath was employed by the U.S. Marine

Corps as a Private/E-1 in the state of Indiana from 1969 to 1973 (Doc. 6-2 ¶ 2). During this time, Mr. Heath experienced occupational and bystander exposure to asbestos as the result of direct contact with products and equipment (Doc. 6-2 ¶¶ 2). UTC was one of the manufacturers, suppliers, and distributors of asbestos-containing products and equipment that Mr. Heath was exposed to (Doc. 6-2 ¶4). As a result of his exposure to asbestos, Mr. Heath developed lung cancer (Doc. 6-2 ¶ 8).

Furthermore, UTC knew that all of its products were custom manufactured for the United States' Government. In the notice of removal, UTC alleged that it designed, built, and supplied products—aircraft engines and component parts—to the United States' armed forces, including the Marine Corps (Docs. 3, 3-4). UTC further alleged that *all* of its products were designed and manufactured at the Navy's direction, in accordance with precise Navy specifications, and under the Navy's tight supervision and control (Docs. 3, 3-4). Notably, UTC does not indicate that it produced aircraft engines for non-governmental entities, or that it supplied non-customized products to the military that would not have been subject to a federal contractor defense.

Therefore, based on UTC's own submissions, it is abundantly clear that UTC has always known that it was acting under the United States or its officers, when it designed, manufactured, and supplied its products. Additionally, the only logical conclusion that UTC could have drawn from the amended complaint was that Mr. Heath's claims against it stemmed from his contact with military equipment produced by UTC during his service in the Marine Corps. This is particularly true because it is inconceivable how Mr. Heath would have come into contact with aircraft engines manufactured for the military during his other jobs as an auto-mechanic, a laborer, and a carpenter. Lastly, UTC always knew that it had a colorable federal defense to Plaintiffs' claims.

Accordingly, the Court finds that all of the criteria necessary to establish federal officer jurisdiction were clear from the face of the amended complaint. A reasonable and commonsense reading of the complaint *should* have put UTC on notice that this action was immediately removable. *See Douthitt v. Arvinmeritor Inc.*, Case No. 13-754-GPM, 2013 WL 5255677, at *3 (S.D. Ill. Sept. 17, 2013); *Fields v. Jay Henges Enterprises, Inc.,* Case No. 06–323–GPM, 2006 WL 1875457, at *3 (S.D. Ill. June 30, 2006).

The Court also finds that the grounds for removal in the notice of removal are not traceable to the information contained in Plaintiffs' interrogatory responses. The only information in the in interrogatory responses not found in the amended complaint is: Charles Heath's position in the Marines as a hydraulic/pneumatic mechanic, the locations where he was stationed as a Marine, and the specific UTC products he may have been exposed to (*Compare* Doc. 3-3 *with* Doc. 6-4). Of that information, the notice of removal only mentions that Mr. Heath was a hydraulic/pneumatic mechanic. UTC does not explain, however, why it needed to know Mr. Heath's position in order to ascertain removability. And it seems that Mr. Heath's position, as well as his location and the particular UTC products he was exposed to, are irrelevant given that UTC indicated that *all* of the products that it supplied to the Marine Corps were subject to the same governmental constraints.

In sum, removability was certainly ascertainable from the amended complaint; Plaintiffs' interrogatory responses simply made removability uncontestable. However, "a defendant who wishes to remove a case to federal court cannot 'wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court.'" *Fields,* 2006 WL 1875457 at *3, *quoting McCoy v. General Motors Corp.,* 226 F.Supp.2d 939, 941 (N.D.Ill.2002).

The Seventh Circuit follows a strict view on a party's right to removal. When a defendant fails to timely remove a case, the defendant waives its right to removal. *See Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n,* 668 F.2d 962, 965–66 (7th Cir.1982). Here, the immediate removability of the case was evident from the face of the amended complaint, but UTC did not file its notice of removal with thirty days after it was served with the amended complaint. Therefore, removal was untimely and this case must be remanded to state court.

## CONCLUSION

The motion to remand filed by Plaintiffs Charles Heath and Virginia Heath (Doc. 6) is **GRANTED**. The pending motion to strike filed by Boeing, Co. (Doc. 44) and the pending motion for a more definite statement filed by Georgia Pacific, LLC (Doc. 73) are **DENIED** as moot. This case is **REMANDED** to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**

DATED: November 21, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge